# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 3:13-cr-00065-1 |
| JOSHUA LEE ALAN EICHEL, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Joshua Lee Alan Eichel's *pro se* Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 (Doc. No. 387), to which the Government has responded (Doc. No. 391) and Eichel has replied (Doc. No. 416). For the following reasons, Eichel's motion is denied.

In December 2013, Eichel pled guilty before former District Judge Kevin Sharp to conspiracy to distribute and to possess with intent to distribute 1000 kilograms of marijuana, in violation of 21 U.S.C. § 846. (Doc. Nos. 88, 353.) Pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), Eichel was sentenced to 135 months of imprisonment followed by five years of supervised release. (Doc. Nos. 155, 352.) He did not appeal.[1] After imposition of Eichel's sentence, the United States Sentencing Commission issued Amendment 782 to the Sentencing Guidelines, which reduced by two levels the offense levels assigned to the drug quantities outlined in section 2D1.1. U.S.S.G. App. C, amend. 782. Amendment 788 subsequently identified Amendment 782 as retroactively applicable. U.S.S.G. App. C, amend. 788.

---

[1] April 26, 2017, this case was transferred to the undersigned.

On August 23, 2018, Eichel filed the instant motion pursuant to 18 U.S.C. § 3582(c)(2). This statute allows the Court to reduce a defendant's sentence if the applicable Sentencing Guidelines range is lowered by the Sentencing Commission while the defendant is serving his or her term of imprisonment. Eichel seeks a reduction in his sentence based upon Amendment 782's two-level reduction to the Drug Quantity Table in Sentencing Guideline 2D1.1 and Hughes v. United States, 138 S. Ct. 1765, 1773-1774 (2018). The Government opposes the motion on several grounds – specifically, that Hughes is inapplicable; Eichel has waived his argument; and the requested relief is, in whole or part, precluded by a mandatory minimum sentence.

Here, Eichel has expressly waived his right to pursue relief under § 3582(c). "It is well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." United States v. Meriweather, No. 3:11-cr-00239, 2018 WL 6330392, at *2 (M.D. Tenn. Dec. 4, 2018) (quoting Davila v. United States, 258 F.3d 448, 451 (6th Cir. 2001)); see also Rivers v. United States, No. 3:11 CR 194-13, 2018 WL 4333969, at *3 (M.D. Tenn. Sept. 11, 2018) ("It is 'well established' that a criminal defendant can waive any statutory or constitutional right 'in a plea agreement with the government so long as the defendant's waiver is both knowing and voluntary' unless the defendant alleges involuntariness, prosecutorial misconduct, or ineffective assistance of counsel.") (citations omitted). More specifically, "[t]he Court of Appeals for the Sixth Circuit repeatedly has found that a defendant may waive the right to challenge his or her sentence under § 3582(c)." Meriweather, 2018 WL 6330392, at *2 (citing United States v. Clardy, 877 F.3d 228, 231 (6th Cir. 2017) ("[W]here a waiver provision in a valid plea agreement specifically forbids a defendant from challenging his sentence under § 3582(c), he cannot challenge his sentence under § 3582(c)."); United States v. Ellison, 664 F. App'x 507, 509 (6th Cir. 2016) (holding that the appeal waiver in the defendant's plea agreement barred a §

2

3582(c)(2) motion when the agreement explicitly waived the right to appeal pursuant to § 3582(c)). The Court of Appeals twice has considered and affirmed the vitality of a provision in which a defendant "knowingly waive[d] the right to challenge the agreed sentence in any collateral attack, including . . . a motion brought pursuant to . . . 18 U.S.C. § 3582(c)." See United States v. Shelton, 673 F. App'x 524, 525 (6th Cir. 2017); United States v. Bryant, 663 F. App'x 420, 422 (6th Cir. 2016). Courts in this district have continued to so hold even after Hughes. See Meriweather, 2018 WL 6330392, at *3; Rivers, 2018 WL 4333969, at *3-4.

The waiver provision in Eichel's plea agreement is the exact same as the waiver provision in Bryant, Sheldon, and Meriweather – a provision the Sixth Circuit has found "could not be clearer." Bryant, 663 F. App'x at 422. Specifically, Eichel "knowingly waive[d] the right to challenge [his sentence] in any collateral attack, including . . . a motion brought pursuant to . . . 18 U.S.C. § 3582(c)." (Doc. No. 88 at 11.) Eichel does not make any arguments related to involuntariness, prosecutorial misconduct, or ineffective assistance, and he has never claimed that his waiver was other than knowing and voluntary. Thus, the Court does not have the authority to grant Eichel's §3582(c) motion because Eichel explicitly waived the right to challenge his sentence under § 3582 in his plea agreement. See Meriweather, 2018 WL 6330392, at *3; Rivers, 2018 WL 4333969, at *3-4; see also, e.g., United States v. Sharp, No. 2:13 CR 34(06), 2016 WL 2354872, at *2 (E.D. Tenn. May 4, 2016) (enforcing defendant's waiver of right to file a § 3582(c) motion pursuant to a sentencing agreement entered into voluntarily). Accordingly, the Court cannot apply Hughes to grant Eichel relief.[2] Meriweather, 2018 WL 6330392, at *3.

---

[2] As Judge Trauger noted in Meriweather, Justice Sotomayor's concurring opinion in Hughes bolsters this conclusion. Justice Sotomayor wrote that "[t]he Government may well be able to limit the frustrating effects of today's decision in the long run. Going forward, it presumably can add a provision to every Type-C agreement in which the defendant agrees to waive any right to seek a sentence reduction following future Guidelines amendments." Hughes, 138 S. Ct. at 1783

3

Eichel argues that the outcome here should be different because the defendant in Williams, whose § 3582(c) motion was remanded by the Court of Appeals for reconsideration in light of Hughes, had a "similar appeal waiver." (Doc. No. 415 at 4.) However, the waiver in Williams is distinguishable. It contained no explicit reference to § 3582(c) motions and only waived "collaterally attack[ing] the defendant's convictions(s) and/or resulting sentence." United States v. Williams (E.D. Tenn. Case 2:13-cr-00034-JRG-MCLC, Doc. No. 330 at 9.) The Court of Appeals has explained that "a collateral attack is normally an attempt to overturn a sentence by filing a new lawsuit rather than by a direct appeal," and thus "[m]otions under § 2255 and § 2241 – both of which allow courts to overturn sentences – are commonly referred to as collateral attacks; motions under § 3582(c) – which merely allows courts to reduce sentences – are not." Clardy, 877 F.3d at 230 (citing United States v. Goodloe, 388 F. App'x 500, 503 (6th Cir. 2010)). Accordingly, there is no indication that the Court of Appeals intended Williams to suggest that Hughes trumps an explicit § 3582(c) waiver provision.

For these reasons, Eichel's motion for reduction of sentence under § 3582(c) and amendment 782 (Doc. No. 387) is **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

(Sotomayor, concurring). "This language supports the court's decision today that [Eichel] waived his right to file a § 3582 motion, even after Hughes." Meriweather, 2018 WL 6330392, at *3 n.1.

4