# UNITED STATES DISTRICT COURT
## for
## Middle District of Tennessee

## Petition for Summons for Offender on Supervision

Name: Joshua Eichel                                   Docket Number: 3:13CR00065-001

Name of Current Judicial Officer: The Honorable Waverly D. Crenshaw, Jr., Chief U.S. District Judge

Name of Sentencing Judicial Officer: The Honorable Kevin H. Sharp, U.S. District Judge

Date of Original Sentence: May 8, 2014

Original Offense: 21 U.S.C. § 846 Conspiracy to Possess with Intent to Distribute and to Distribute 1,000 Kilograms or More of Marijuana

Original Sentence: 135 months' custody followed by five years of supervised release

Type of Supervision: Supervised Release          Date Supervision Commenced: October 14, 2021

Assistant U.S. Attorney: To Be Determined        Defense Attorney: To Be Determined

## PETITIONING THE COURT

☒ To Issue a Summons
☐ To Issue a Warrant
☐ To Consider Additional Violations\Information

The Court Orders:
☐ No Further Action at this Time
☒ The Issuance of a Summons
☐ The Issuance of a Warrant
    ☐ Sealed Pending Warrant Execution (cc: U.S. Probation and U.S. Marshal only)
☐ The Consideration of Additional Violations and/or Information
☐ Other

Considered, this 13th day of September, 2022, and made part of the record in the above case.

_____
Honorable Waverly D. Crenshaw, Jr
Chief United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted this 12th day of September, 2022.

_____
JaMita L. BoBo
U.S. Probation Officer

Place: Nashville, TN

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|
| 1. | **The defendant shall not commit another federal, state, or local crime.** |

According to a complaint obtained by the probation officer, on August 15, 2022, Mr. Joshua Eichel was involved in a single car crash on Smith Springs Road in Nashville, Tennessee. Tennessee Highway Patrol (THP) Trooper Schaaf came across a vehicle with no occupants, so Trooper Schaaf ran the registration of the vehicle through dispatch and the owner was identified as Joshua Eichel. The vehicle was towed from the scene.

The complaint also states that on August 16, 2022, Trooper Schaaf made contact with Mr. Eichel at his residence. The report stated Mr. Eichel admitted to driving the vehicle at the time of the accident and stated he left the scene to walk to his aunt's home and didn't think to report the accident.

The probation officer made contact and spoke with Mr. Eichel on August 16, 2022, at his home. When the probation officer arrived at Mr. Eichel's residence, she noticed a THP vehicle sitting outside of his home. The probation officer asked if he had any recent contact with the police, and Mr. Eichel stated they were there filing a report due to a single car accident in which he was involved. He told the probation officer that on August 15, 2022, a car was driving in both lanes on Smith Springs Road and he tried to avoid being hit. He added that when he swerved, his car ran into the ditch and that caused the damage. Mr. Eichel said he was disoriented and couldn't find his phone, so he left the scene to walk to his aunt's home who lives nearby. He stated that once he returned to the scene his car was gone.

On August 16, 2022, the probation officer also spoke with THP troopers Schaaf and Pineda. They told the probation officer that Mr. Eichel was being charged with Leaving the Scene of an Accident and Failure to Report the Accident. They stated that when they arrived at the accident, the vehicle did not have an occupant, so they towed the vehicle from the scene.

Mr. Eichel is to appear in Davidson County General Sessions Court on November 2, 2022, for the charges noted above.

**Compliance with Supervision Conditions and Prior Interventions:**
Mr. Joshua Eichel began his term of supervised release on October 14, 2021, and his supervision is due to terminate on October 13, 2026. He is currently self-employed with J&K Transport and resides in Nashville, Tennessee. All his random drug tests have been negative.

**Update of Offender Characteristics:**
On September 7, 2022, the probation officer submitted a report to the Court regarding this violation. This petition is in response to the Court subsequently ordering a petition for a summons be submitted.

**U.S. Probation Officer Recommendation:**
It is respectfully recommended that a summons be issued for Mr. Joshua Eichel, so that he may appear before the Court to answer to the violation behavior outlined above.

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. JOSHUA EICHEL CASE NO. 3:13CR00065-001

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** III

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003    PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| **Custody:** | 5 years (Class A felony) 18 U.S.C. § 3583(e)(3) | 5-11 months U.S.S.G. § 7B1.4(a) | No Recommendation |
| **Supervised Release:** | 5 years less any term of imprisonment 18 U.S.C. § 3583(h) | 2-5 years U.S.S.G § 5D1.2(c) | No Recommendation |

**Statutory Provisions:**
Under 18 U.S.C. § 3583(e)(3) the Court may revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the defendant violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:**
U.S.S.G. § 7B1.1(a)(3) Grade C Violations - conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision.

U.S.S.G. § 7B1.3(a)(2) Upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

Approved:

*/s/ Britton Shelton*
Britton Shelton
Supervisory U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant** Joshua Alan Eichel

2. **Docket Number** *(Year-Sequence-Defendant No.)*   0650 3:13CR00065 - 1

3. **District/Office** Middle District of Tennessee/ Nashville

4. **Original Sentence Date**   05 / 08 / 2014
                           month / day / year

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. List each violation and determine the applicable grade (see §7B1.1):

   | Violation(s) | Grade |
   |---|---|
   | Violation of state law | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*   [ C ]

9. **Criminal History Category** *(see §7B1.4(a))*   [ III ]

10. **Range of Imprisonment** *(see §7B1.4(a))*   [ 5-11 ] months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

    [X] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    [ ] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    [ ] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant** Joshua Alan Eichel

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____    Community Confinement _____

    Fine($)        _____    Home Detention         _____

    Other          _____    Intermittent Confinement _____

13. **Supervised Release**
    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

Case 3:13-cr-00065    Document 516    Filed 09/13/22    Page 6 of 6 PageID #: 1569